# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| Case No. | 2:17-cv-07838-GW (SK) | Date | October 30, 2017 |
|---|---|---|---|
| Title | Raul Alvarez v. W. L. Montgomery, Warden | | |

| Present: The Honorable | Steve Kim, U.S. Magistrate Judge |
|---|---|
| Marc Krause | n/a |
| Deputy Clerk | Court Smart / Recorder |
| Attorneys Present for Petitioner: | Attorneys Present for Respondent: |
| None present | None present |

**Proceedings:** (IN CHAMBERS) **ORDER TO SHOW CAUSE RE: TIMELINESS**

On October 26, 2017, Petitioner constructively filed a petition for writ of habeas corpus under 28 U.S.C. § 2254 challenging his 2010 convictions for first-degree murder, robbery, and grand theft. (Petition ("Pet."), ECF No. 1). Petitioner filed a direct appeal and then a petition for review in the California Supreme Court that was denied on June 13, 2012.[1] He did not file a petition for certiorari in the U.S. Supreme Court. (Pet. at 3). Thus, the judgment became final 90 days later at the expiration of the time in which Petitioner could seek review in the Supreme Court. From this date, Petitioner had one year in which to file a federal habeas petition. *See* 28 U.S.C. § 2244 (d)(1)(A). Hence, Petitioner's statute of limitations to file a § 2254 federal habeas petition expired on September 11, 2013.

Petitioner's state habeas petitions filed in 2016-2017, even if "properly filed" under California law, do not revive or reinitiate the federal limitations period that ended in 2013. *See Ferguson v. Palmateer*, 321 F.3d 820, 823 (9th Cir. 2003). Therefore, his petition is barred as untimely, unless he can show some other reason that he is entitled to delayed commencement of the limitations period or equitable tolling. *See* 28 U.S.C. § 2244(d)(1).

Accordingly, Petitioner is **ORDERED TO SHOW CAUSE** on or before **November 30, 2017** why this action should not be dismissed as untimely. If Petitioner does not file a timely response to this Order to Show Cause, Petitioner is advised that the Court will dismiss the Petition. If Petitioner no longer wishes to pursue this action, he may voluntarily dismiss the action pursuant to Federal Rule of Civil Procedure 41(a) by filing a "Notice of Dismissal." **Petitioner is advised that failure to file a timely response to this Order to Show Cause may result in dismissal of this action for failure to prosecute.** See Fed. R. Civ. P 41(b); L.R. 41-1.

---

[1] The Court takes judicial notice of the public judicial records of Petitioner's direct appeals and state habeas petitions. *See Smith v. Duncan*, 297 F.3d 809, 815 (9th Cir. 2002) (stating federal courts may take judicial notice of relevant state court records).